C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MARTIN NOBLES,

                Plaintiff,

        - against -

BRIAN FISCHER, *individually and in his capacity as Commissioner of the New York State Department of Correctional Service*, ANTHONY A. ANNUCCI, *individually and in his capacity as Deputy Commissioner and Counsel for the Department of Corrections and Community Supervision*, AND TERRANCE TRACY, *in his individual capacity and the Capacity as Chief Counsel for the Division of Parole*,

                Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

18-cv-2767 (BMC)

**COGAN**, District Judge.

    Plaintiff *pro se* brings this action under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights when the Department of Corrections enforced an administratively-added term of supervised release onto his sentence. Defendants have moved to dismiss [18]. Plaintiff has not responded to defendants' motion. For the reasons below, the complaint is dismissed without prejudice.

## BACKGROUND

    Plaintiff pled guilty to attempted burglary in the second degree and was sentenced to three years' incarceration on November 13, 2000. Plaintiff was released to post-release supervision on October 25, 2002, which he served until January 12, 2007. While still serving this term of post-release supervision, on July 5, 2005, plaintiff wrote a letter to the Chief Clerk of

the Kings County Supreme Court asking for clarification on the imposition of this additional sentence.

Earlier this year, plaintiff sued Eric Gonzalez, the Kings County District Attorney, alleging that his constitutional rights were violated when the Department of Corrections administratively added this term of post-release supervision to his three-year sentence. See Nobles v. Gonzalez, No. 18-cv-0680 (E.D.N.Y. 2018). This Court denied that claim without prejudice, because plaintiff had not alleged that his sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of habeas corpus – which showing is a precondition to recovering damages under § 1983 for an allegedly unlawful term of imprisonment. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

The instant complaint appears to raise the same legal issue (that the enforcement of the administratively-imposed term of post-release supervision violated plaintiff's constitutional rights), but simply names different defendants.

## DISCUSSION

New York Penal Law § 70.45 requires a state court to impose a period of post-release supervision on top of each determinate sentence it imposes. Because a criminal defendant is still "in custody" during a term of post-release supervision, any term of post-release supervision must be imposed by a judge. See Earley v. Murray, 451 F.3d 71, 74 (2d Cir. 2006). Thus, a criminal defendant cannot be detained by a sentence – including any terms of post-release supervision – that is imposed or altered by the clerk. Id. (quoting Hill v. United States ex rel. Wampler, 298 U.S. 460 (1936)). Plaintiff contends that defendants enforced an administratively-

imposed sentence, rather than a sentence imposed by a judge, in violation of his constitutional rights as identified in Earley.

Defendants move to dismiss the complaint, arguing that plaintiff's § 1983 claim is barred by the three-year statute of limitations in New York. They claim that the statutory period began to run on July 5, 2005, when plaintiff wrote his letter to the Chief Clerk inquiring about the term of post-release supervision, because that's when plaintiff knew or had reason to know about the injury that forms the basis of his claim.

Defendants' argument misses the point: the statute of limitations does not bar plaintiff's claim because plaintiff does not yet have a claim to bring. As the Court previously noted in its order dismissing plaintiff's prior complaint, a claim for unlawful imprisonment under § 1983 cannot stand unless plaintiff's sentence has somehow been invalidated by the state tribunal or by other comparable means. See Mem. Decision & Order at 3-5, Nobles (No. 18-cv-0680) (E.D.N.Y. March 23, 2018) (quoting Heck, 512 U.S. at 486-87). Plaintiff has again failed to plead that his sentence has been invalidated,[1] and "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Heck, 512 U.S. at 489-90. Plaintiff's complaint must be dismissed, not because it is barred by the statute of limitations, but rather, because the claim he seeks to bring has not arisen.

---

[1] Plaintiff's complaint alleges that on December 21, 2006, Judge Carroll (the Judge who sentenced plaintiff) sent a letter to plaintiff and the Department of Corrections claiming that plaintiff was never sentenced to parole and that the Department of Corrects was to release plaintiff. The complaint also alleges that the Integrity Unit of the District Attorney's Office sent the Department of Corrections a letter stating that plaintiff was not sentenced to parole and must be released. These allegations do not suggest that plaintiff's sentence was invalidated under Heck. First, at issue is plaintiff's term of post-release supervision, not his parole; and second, any pertinent invalidation would require plaintiff's sentence to have been "declared invalid" by a state court tribunal, which would not happen by an informal letter from the sentencing Judge or by the District Attorney.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed without prejudice. Plaintiff is cautioned that if he files another § 1983 lawsuit based on his administratively imposed post-release supervision period without first having invalidated his sentence, the Court may prevent him from filing future lawsuits on this subject without permission from the Court.

**SO ORDERED.**


Dated: Brooklyn, New York
       November 8, 2018

                                                   U.S.D.J.